ORIGINAL

1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2   jnadolenco@mayerbrown.com
    LISA W. CORNEHL (SBN 232733)
3   lcornehl@mayerbrown.com
    350 South Grand Avenue, 25th Floor
4   Los Angeles, CA 90071-1503
    Telephone: (213) 229-9500
5   Facsimile: (213) 625-0248

6   Attorneys for Defendant
    AT&T MOBILITY LLC

7





FILED

2010 JAN 22  PM 3: 08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

8            **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10                                    '10 CV 0184    BTM RBB
                                      Case No. _____
11
    DONALD SIPPLE, an individual, on behalf of    Cal. State Court Case No. 37-2009-
12  himself, and on behalf of all persons similarly   00103076-CU-BC-CTL
    situated,
13                                    **DEFENDANT AT&T MOBILITY
                     Plaintiffs,      LLC'S NOTICE OF REMOVAL OF
14                                    ACTION PURSUANT TO 28 U.S.C. §§
         v.                           1331, 1332, 1441 AND 1446
15
    AT&T, INC. and AT&T MOBILITY, LLC and   (FEDERAL QUESTION AND
16  DOES 1 to 10,                     DIVERSITY JURISDICTION—CLASS
                                      ACTION FAIRNESS ACT)
17                   Defendants.

18

19

20

21

22

23

24

25

26

27

28



TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant AT&T Mobility LLC ("ATTM") hereby removes to this Court the state-court action described below.[1]

## STATEMENT OF JURISDICTION

This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1441, and is one that may be removed to this Court by ATTM, pursuant to 28 U.S.C. §§ 1441 and 1332(d)(2)(A) for the reasons below.[2]

## GROUNDS FOR REMOVAL

1.    On December 3, 2009, Plaintiff Donald Sipple filed a purported class action in the Superior Court of the State of California for the County of San Diego entitled: *DONALD SIPPLE, an individual, on behalf of himself, and on behalf of all persons similarly situated, Plaintiff, vs. AT&T Inc. and AT&T MOBILITY, LLC and Does 1 to 10, Defendant*; Case Number 37-2009-00103076-CU-BC-CTL.

2.    On December 24, 2009, Defendants ATTM and AT&T Inc. (collectively, "Defendants") were served with the Summons and Complaint.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders received by or served upon Defendants are attached to this Notice of Removal as Exhibit A.

3.    This Notice has been timely filed pursuant to 28 U.S.C. § 1446(b).

---

[1]    ATTM is wholly-owned by defendant AT&T Inc., which is the only publicly held corporation with a 10% or more ownership interest in AT&T Mobility LLC.

[2]    ATTM's relationships with its customers are governed by service contracts that contain agreements to arbitrate.  ATTM hereby reserves its right to compel Plaintiff to arbitrate his claims in accordance with his arbitration agreement.

NOTICE OF REMOVAL

1    4.    The California Superior Court for the County of San Diego is located within the

2  Southern District of California.  28 U.S.C. § 84(c)(2).  This Notice of Removal is therefore

3  properly filed in this Court pursuant to 28 U.S.C. § 1441(a).

4    5.    Defendant ATTM asserts two jurisdictional bases for removal.  First, this Court

5  has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants district courts

6  original jurisdiction over cases presenting federal questions.  As set forth below, this case

7  8  "implicate[s] significant federal issues" and is therefore removable under the standards set forth

9  by the Supreme Court in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S.

10  308, 312 (2005).  Second, the Court has jurisdiction over this action pursuant to Section 4 of the

11  Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), which grants district courts

12  13  original jurisdiction over putative class actions with more than 100 class members where the

14  aggregate amount in controversy exceeds $5 million and any member of the class of plaintiffs is

15  a citizen of a state different from any defendant.  As set forth below, this action satisfies each of

16  the requirements of Section 1332(d)(2) for original jurisdiction under CAFA.

17  **<u>Federal Question Jurisdiction</u>**

18    6.    Removal of this case is proper under 28 U.S.C. § 1441, because adjudication of

19  Plaintiff's claims will require this Court to resolve substantial, disputed questions of federal law.

20  21  Thus, this Court may properly hear this action in the exercise of its federal question jurisdiction.

22  *See* 28 U.S.C. § 1331.

23    7.    "[F]or nearly 100 years," the Supreme Court has recognized that "in certain cases

24  federal-question jurisdiction will lie over state-law claims that implicate significant federal

25  issues." *Grable*, 545 U.S. at 312.  This "doctrine captures the commonsense notion that a federal

26  court ought to be able to hear claims recognized under state law that nonetheless turn on

27  28  substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope

-2-

of uniformity that a federal forum offers on federal issues." *Id.* Consequently, where a "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities," that action may be removed to federal court. *Id.* at 314.

8.      Here, as in *Grable*, Plaintiff's state law claims "turn on substantial questions of federal law." *Id.* Specifically, Plaintiff alleges that Defendants have collected taxes on internet access in violation of the federal Internet Tax Freedom Act, 47 U.S.C. § 151 note ("ITFA"). Complaint ¶¶ 7-9, 26-27 (referring to statute as "Internet Tax Fairness Act"). The ITFA bars state and local governments from imposing "[t]axes on Internet access." 47 U.S.C. § 151 note § 1101(a)(1). Plaintiff alleges that Defendants have charged him and other putative class members fees that constitute impermissible taxes on internet access. Compl. ¶¶ 9, 26.

9.      Plaintiff's breach of contract claim is expressly predicated upon Defendants' alleged violation of the ITFA. Count One of Plaintiff's Complaint alleges that "[d]espite the prohibition on state and local fees and taxes imposed by the Internet Tax Fairness Act," Defendants charged him "fees and/or taxes based upon the cost of his internet access," Compl. ¶ 26, and in so doing, "breached [their] contractual obligations to Plaintiff and the putative Class causing him damages in an amount to be proven at the time of trial," *id.* ¶ 27.

10.     Plaintiff's unfair competition claim likewise rests upon the allegation that Defendants have violated the ITFA. Count Two of Plaintiff's Complaint alleges that Defendants violated California Business and Professions Code § 17200 by collecting fees and taxes "that were not due" and that were "unlawful," among other things. Compl. ¶ 29.

11.     Both of these claims turn on the substantial federal question of whether fees and taxes collected by Defendants constitute "taxes on Internet access" within the meaning of the ITFA. Accordingly, although Plaintiff's claims are styled as matters of state law, they are in fact

-3-

federal in character. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (courts may "delve beyond the face of the state court complaint and find federal question jurisdiction by recharacteriz[ing] a plaintiff's state-law claim as a federal claim") (quoting *Precision Pay Phones v. Qwest Communications Corp.*, 210 F. Supp. 2d 1106, 1112-13 (N.D. Cal. 2002)) (internal quotation marks omitted).

12.     By placing squarely at issue Defendants' compliance with the ITFA, Plaintiff raises "an important issue of federal law that sensibly belongs in a federal court." *Grable*, 545 U.S. at 315. The ITFA was enacted to "establish[] a national policy against State and local government interference with interstate commerce on the Internet or interactive computer services." H.R. Rep. No. 105-825, at 1548 (1998) (Conf. Rep.). A federal forum is best suited to the interpretation of the rights and responsibilities created by this national policy. Thus, the Court's exercise of federal question jurisdiction will not "disturb[] any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

## Diversity Jurisdiction Under CAFA

13.     **Covered Class Action.** This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1435(a) & (b). In paragraph 10 of the Complaint, Plaintiff alleges that this action is "a class action pursuant to the provisions of California Code of Civil Procedure Section 382 and Civil Code Section 1781(a)."

14.     **Class Action Consisting of More Than 100 Members.** The Complaint alleges that "the Class is so numerous that joinder of all members in a single action would be impracticable." Complaint ¶ 17. The Class is defined as "all AT&T customers, past and present, who contracted for internet access and were charged fees and/or taxes based upon the cost of internet access." *Id.* ¶ 11. ATTM provides wireless data plans for well over 100 customers who

-4-

use data cards or "'smart phone[s]' such as an [iPhone], a Blackberry, or a similar device."

Complaint ¶ 6. Indeed, very similar lawsuits filed in federal court by the same plaintiffs' counsel

on behalf of other ATTM wireless data service subscribers identify the number of potential class

members as in the "hundreds of thousands." Complaint, *Bendian v. AT&T, Inc. and AT&T

Mobility, LLC*, No. 09-cv-6100 (D.N.J. Dec. 2, 2009), ¶ 17; *see also, e.g.*, Complaint, *Diethelm

v. AT&T Mobility, LLC*, No. 09-cv-2546 (N.D. Ala. Dec. 18, 2009), ¶ 30 (alleging that class

includes "thousands of individuals"). Accordingly, the aggregate number of class members is

greater than 100 persons, as required by 28 U.S.C. § 1332(d)(5)(B).

        15.    **Diversity.**  Pursuant to 28 U.S.C. § 1332(d)(2)(A), at least one member of the

putative plaintiff class is a "citizen of a State different from any defendant." Plaintiff Sipple, the

named Plaintiff, alleges that he is a "resident of California." Compl. ¶ 1. Defendant ATTM is,

and was at the time of the filing of this action, a limited liability company organized and existing

under the laws of Delaware, with its headquarters and principal place of business in Georgia.

Accordingly, Plaintiff is a citizen of a state (California) different from at least one defendant

(Delaware and Georgia, *see* 28 U.S.C. §§ 1332(c), (d)(10)), thus satisfying the diversity

requirements of 28 U.S.C. § 1332(d)(2)(A).

        16.    **Amount in Controversy.**  Under CAFA, the claims of the individual class

members are aggregated to determine if the amount in controversy exceeds the required "sum or

value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6); *see also

Lowdermilk v. US Bank Nat'l Ass'n*, 479 F.3d 994, 1004 (9th Cir. 2007). While ATTM denies

the claims alleged in Plaintiff's Complaint and further denies that Plaintiff, or any putative class

member, is entitled to any monetary or injunctive relief, the amount in controversy here satisfies

the jurisdictional threshold, as explained below.

17.     The Complaint itself is silent as to the amount of damages sought, but given the size of the putative class and the monetary relief sought, the amount in controversy exceeds $5 million, exclusive of interest and costs.  This action is a putative class action in which Plaintiff alleges that "[d]espite the prohibition on taxation of internet access enacted by the Internet Tax [Freedom] Act, Defendants charge their California customers fees and taxes based upon, in part, the cost of internet access."  Complaint ¶ 9.  Plaintiff defines the putative class as "all AT&T customers, past and present, who contracted for internet access and were charged fees and/or taxes based upon the cost of internet access."  *Id.* ¶ 11.  Based on these underlying allegations, Plaintiff claims that Defendants committed breach of contract by violating the Internet Tax Freedom Act (47 U.S.C. § 151 note) and violated the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.).  *Id.* ¶¶ 21-28.  Plaintiff demands as relief compensatory damages, restitution, and attorney and paralegal fees, as well as costs and interest.  *Id.* pp. 6:15-7:1.

18.     Based on these allegations in the Complaint, the potential amount in controversy exceeds $5 million.  According to ATTM's records, it assessed substantially more than $5 million in state and local taxes in connection with wireless data services provided to its California subscribers during 2009, which is within the class period defined by the Complaint.  *See* Compl. ¶ 10.  Moreover, very similar lawsuits filed in federal court by the same plaintiffs' counsel on behalf of other ATTM wireless data service subscribers have expressly alleged that the amount in controversy exceeds CAFA's $5 million threshold.  *See, e.g.*, First Amended Complaint, *Havron v. AT&T, Inc. and AT&T Mobility, LLC*, No. 09-cv-1040  (S.D. Ill. Dec. 18, 2009) (alleging that amount in controversy for Illinois-only class exceeds $5 million).  Accordingly, while ATTM contends that neither Plaintiff nor any other putative class member is

-6-

1  entitled to a monetary recovery, the amount placed in controversy by Plaintiff's Complaint

2  exceeds $5 million.

3                                          * * * *

4

5        19.     In accordance with 28 U.S.C. § 1446(d), ATTM is serving Plaintiff with a copy of

6  a Notice to Plaintiff of Filing of Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1331,

7  1332, 1441, and 1446.  A true and correct copy of that Notice to Plaintiff is attached hereto as

8  Exhibit B and is incorporated by reference.

9        20.     Pursuant to 28 U.S.C. § 1446(d), ATTM also is filing in the California Superior

10  Court for the County of San Diego, and has served the same upon Plaintiff, a Notice to Superior

11  Court of Filing of Removal of Action Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  A

12  true and correct copy of that Notice to Superior Court is attached hereto as Exhibit C and

13  incorporated by reference.

14

15

16
   Dated:    January 22, 2010              MAYER BROWN LLP
17                                         JOHN NADOLENCO
                                           LISA W. CORNEHL
18

19                                    By:  _Lisa W. Cornehl_____
                                           Lisa W. Cornehl
20                                         Attorneys for Defendant
                                           AT&T MOBILITY LLC
21

22  Of Counsel:

23  Evan M. Tager
    Archis A. Parasharami
24  Elizabeth G. Oyer
    MAYER BROWN LLP
25  1999 K Street, N.W.
    Washington, D.C. 20006-1101
26  Telephone: (202) 263-3000
    Facsimile:  (202) 263-3300
27

28

                                         -7-

                                                           NOTICE OF REMOVAL

Exhibit A

# SUMMONS
## (CITATION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AT&T, INC. and AT&T MOBILITY, LLC
and DOES 1 to 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DONALD SIPPLE, an individual, on behalf of himself, and on
behalf of all persons similarly situated,

FILED
CIVIL BUSINESS OFFICE 13

2009 DEC -3 P 1: 14

COURT
SAN DIEGO COUNTY, CA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER: *(Número del Caso)*
37-2009-00103676-CU-BC-CTL

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court
330 W. Broadway
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Stephen B. Morris                    MORRIS AND ASSOCIATES
444 West C Street, Ste 300           (619) 239-1300
San Diego, CA 92101

| DATE: | DEC 03 2009 | Clerk, by | D. JOHNSON | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   At & T Mobility, LLC
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

AT&T Tax Case

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Stephen B. Morris        `126192`
MORRIS AND ASSOCIATES
444 West C Street, Ste 300
San Diego, CA 92101
  TELEPHONE NO.: (619) 239-1300    FAX NO.: (619) 234-3672
ATTORNEY FOR *(Name):* Plaintiff

FILED
CIVIL BUSINESS OFFICE 13
CENTRAL DIVISION

2009 DEC -3 P 1: 14

SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
  STREET ADDRESS: 330 W. Broadway
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Diego, CA 92101
  BRANCH NAME: Hall of Justice

CASE NAME: Sipple v. AT&T

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2009-00103076-CU-BC-CTL |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[X] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [X] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 2, 2009

Stephen B. Morris
(TYPE OR PRINT NAME)

▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 2007]
Martin Dean's<br>ESSENTIAL FORMS™
COPY
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov

AT&T Tax Case

1    Stephen B. Morris (SB# 126192)
     **MORRIS and ASSOCIATES**
2    444 West C Street, Suite 300
     San Diego, California  92101
3    Tel:   (619) 239-1300
     Fax:   (619) 234-3672
4
     Edward D. Robertson, Jr. (MO SBN 27183)
5    Mary D. Winter (MO SBN 38328)
     Anthony L. DeWitt (MO SBN 41612)
6    **BARTIMUS, FRICKLETON, ROBERTSON & GORNY, P.C.**
     715 Swifts Highway
7    Jefferson City, MO  65109
     Tel:   (573) 659-4454
8    Fax:   (573) 659-4460

9    Harry Huge (D.C. SBN 55640)
     Theodore Huge (SC SBN 36026)
10   **THE HUGE LAW FIRM LLC**
     1080 Wisconsin Ave, N.W., Suite 3016
11   Washington, D.C.  20007
     Tel:   (202) 965-4672
12
     Attorneys for Plaintiff
13

14

15              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

16              **IN AND FOR THE COUNTY OF SAN DIEGO**

17

18   _____
     DONALD SIPPLE, an individual, on behalf of )   CASE NO. 37-2009-00103076-CU-BC-CTL
19   himself, and on behalf of all persons similarly )
     situated,                                )
20                                            )   **COMPLAINT FOR:**
                              Plaintiff,      )
21         vs.                                )   1.    **BREACH OF CONTRACT and**
                                              )
22   AT&T, INC. and AT&T MOBILITY, LLC and )   2.    **VIOLATION B&P CODE §§17200**
     Does 1 to 10,                            )
23                                            )   <u>CLASS ACTION</u>
                              Defendant.      )
24   _____     )

25

26

27

28

COPY

1   1.  Plaintiff, DONALD SIPPLE, is a resident of California. He is an individual

2 customer of Defendants AT&T, INC. and/or AT&T MOBILITY, LLC  (hereinafter collectively

3 "AT&T").

4   2.  Defendant AT&T, INC. is a Delaware corporation in good standing and is

5 authorized to do business in California. Defendant AT&T, INC. maintains its principle place of

6 business at 208 S. Akard Street, Dallas, Texas.

7   3.  Defendant AT&T MOBILITY, LLC is a Delaware limited liability company in

8 good standing and is authorized to do business in California. AT&T MOBILITY, LLC maintains

9 its principle place of business at 1025 Lenox Park Blvd NE, Suite 5D46, Atlanta, Georgia.

10   4.  DOES 1 through 10, inclusive, are, and were at all relevant times hereto,

11 corporations and/or business entities qualified to do business throughout the United States. Each

12 DOE Defendant was the agent, licensee and/or employee of the other Defendants, and each of

13 them, and was at all times herein mentioned acting within the course and scope of such

14 relationship. Each was in some manner responsible for PLAINTIFF's damages, or damage to the

15 putative Class of persons which PLAINTIFF seeks to represent.

16

17         **FACTS COMMON TO ALL COUNTS**

18   5.  DEFENDANTS sell wireless data plans to consumers and businesses by contract on

19 a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to

20 obtain access to the internet remotely either on a computer or on a so-called "smart phone" such as

21 an I-Phone, a Blackberry, or a similar device.

22   6.  AT&T's wireless data plans are sold to owners of "smart phones" or via data cards.

23 AT&T bills for internet access with a separate line item on the AT&T monthly bill in varying

24 amounts depending on the type of access contracted for.  Plaintiff has such a plan and pays AT&T

25 $30 per month.

26   7.  In 1996 the United States Congress passed, and the President approved, the Internet

27 Tax Fairness Act (the "ITFA"). The ITFA, 47 U.S.C. § 151 (1998) as amended, bars state and

28 local government from imposing fees and taxes on internet access. "No State or political

---

1   subdivision thereof shall impose any of the following taxes during the period beginning

2   November 1, 2003, and ending November 1, 2014: ... (1) Taxes on Internet access."

3       8.       Under the Internet Tax Fairness Act the phrase "internet access" means "a service

4   that enables users to connect to the Internet to access content, information, or other services

5   offered over the Internet; (B) includes the purchase, use or sale of telecommunications by a

6   provider of a service described in subparagraph (A) to the extent such telecommunications are

7   purchased, used or sold.-- (I) to provide such service; or (ii) to otherwise enable users to access

8   content, information or other services offered over the Internet[.]"

9       9.       Despite the prohibition on taxation of internet access enacted by the Internet Tax

10  Fairness Act, DEFENDANTS charge their California customers fees and taxes based upon, in

11  part, the cost of internet access.

12

13                         **CLASS ACTION ALLEGATIONS**

14      10.      This action is thus brought, and may properly be maintained, as a class action,

15  pursuant to the provisions of California Code of Civil Procedure Section 382 and Civil Code

16  Section 1781(a). Plaintiff brings this action on behalf of himself and on behalf of a Class of all

17  others similarly situated who, within four (4) years prior to the date of filing of this action, entered

18  into a contract with AT&T for the provision of internet access through a smart phone or a wireless

19  data card.

20      11.      The Class of persons for whose benefit this case is brought consists of all AT&T

21  customers, past and present, who contracted for internet access and were charged fees and/or taxes

22  based upon the cost of internet access.

23      12.      Plaintiff's claims are typical of the claims of the Class because he and all members

24  of the putative Class have sustained damages as a result of AT&T's charging of fees and taxes

25  based upon the cost for internet access.

26      13.      There are numerous questions of law and fact common to the Class which

27  predominate over any questions affecting only individual class members, including but not limited

28  to the following:

---

Sipple v. AT&T                                3                                Complaint

1       -     whether AT&T charged Plaintiff and the Class fees and taxes based upon

2            the cost of internet access in violation of the Internet Tax Fairness Act;

3       -     whether AT&T's actions violated California law;

4       -     whether AT&T has been unjustly enriched by its retention of a portion of the

5            tax;

6       -     whether AT&T should be enjoined from collecting fees and taxes based

7            upon the cost of internet access;

8       -     whether AT&T should be required to seek a refund of the fees and taxes

9            paid to California and to return any refund to Plaintiff and the members of

10           the Class.

11      14.     All common questions are able to be resolved through the same factual occurrences

12 as specifically and/or generally alleged herein.

13      15.     Plaintiff will fairly and adequately represent and protect the interests of the

14 members of the Class.  Plaintiff has no claims antagonistic to those of the Class.  Plaintiff has

15 retained competent and experienced counsel in complex class action litigation.  Counsel is

16 committed to the vigorous prosecution of this action.

17      16.     The prosecution of separate actions by the Plaintiff and individual members of the

18 Class against the Defendants would create a risk of inconsistent or varying adjudications on the

19 common issues of law and fact related to this action.

20      17.     A class action is superior to other methods for the fair and efficient adjudication of

21 this controversy since the Class is so numerous that joinder of all members in a single action

22 would be impracticable and the repetitive testimony of each Class member at trial would be

23 unnecessary and an inefficient use of judicial resources.  Since the practices engaged in are

24 common to all members of the Class, judicial economy would not be served by multiple actions

25 with duplicative and repetitive testimony.  Furthermore, as the monetary injury suffered by

26 individual Class members may be relatively small, the expense and burden of individual litigation

27 would make it impossible for members of the Class to individually redress the wrongs done to

28 them.

---

18.   The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights.  In the absence of a class action, AT&T will retain the benefits of its wrongdoing and will continue to collect fees and taxes improperly.

19.   The identification of the individual Class members may be effectuated by reference to Defendant's records.

20.   Plaintiff is aware of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

21.   Plaintiff realleges and incorporates by reference paragraphs 1 through 20 inclusive, of this Complaint, as though set forth in full herein.

22.   AT&T and PLAINTIFF entered into a written contract.

23.   The written contract is a form contract used by AT&T with all its customers similarly situated to PLAINTIFF.

24.   The contract between AT&T and Plaintiff permits AT&T to charge for its services including internet access on a monthly basis and permits AT&T to charge PLAINTIFF for all applicable and legally due federal, state and local fees and/or taxes.

25.   The contract does not permit AT&T to charge for fees and taxes that may not be calculated or billed based upon the cost of internet access.  Nevertheless, PLAINTIFF has been required to pay these unlawful charges.

26.   Despite the prohibition on state and local fees and taxes imposed by the Internet Tax Fairness Act, AT&T charged PLAINTIFF fees and/or taxes based upon the cost of his internet access.

27.   In doing the acts complained of herein, AT&T breached its contractual obligations to PLAINTIFF and the putative Class causing him damages in an amount to be proven at the time of trial.

## SECOND CAUSE OF ACTION

### (Violation of Business and Professions Code, §17200 *et seq.*, )

28.     Plaintiff realleges and incorporates by reference paragraphs 1 through 27 inclusive, of this Complaint, as though set forth in full herein.

29.     In failing to inform the Plaintiffs and the Class that it intended to charge them fees and taxes that were not due, and in collecting charges that are unlawful, deceptive and/or unfair, AT&T violated Business and Professions Code § 17200.

28.     Specifically, in doing the acts complained of herein, AT&T engaged in conduct in contravention of California Law.

## PRAYER

WHEREFORE, Plaintiff prays for relief as follows:

## ON THE FIRST CAUSE OF ACTION

1.     For money damages;

2.     For attorney and paralegal fees;

3.     For prejudgment interest as allowed by law;

4.     For costs of suit incurred herein; and

5.     For such other relief as the Court deems just and proper.

## ON THE SECOND CAUSE OF ACTION

1.     For disgorgement by Defendant of all amounts that have been obtained in connection with any of the deceptive, unfair and/or unlawful business practices alleged herein;

2.     For restitution according to proof;

3.     For attorney and paralegal fees;

4.     For prejudgment interest as allowed by law;

5.     For costs of suit incurred herein; and

1      4.     For prejudgment interest as allowed by law;

2      5.     For costs of suit incurred herein; and

3      6.     For such other relief as the Court deems just and proper.

Dated:     December 2, 2009               MORRIS AND ASSOCIATES

by:    _Stephen Morris_

             Stephen B. Morris
             Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY AND ZIP CODE:    San Diego, CA 92101 | |
| BRANCH NAME:    Central | |
| TELEPHONE NUMBER:  (619) 450-7068 | |

| PLAINTIFF(S) / PETITIONER(S):    Donald Sipple |
|---|
| DEFENDANT(S) / RESPONDENT(S):  AT&T, Inc. et.al. |

| SIPPLE VS. AT&T, INC. | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2009-00103076-CU-BC-CTL |

Judge:  Judith F. Hayes                             Department: C-68

**COMPLAINT/PETITION FILED:** 12/03/2009

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

1     MAYER BROWN LLP
       JOHN NADOLENCO (SBN 181128)
2     jnadolenco@mayerbrown.com
       LISA W. CORNEHL (SBN 232733)
3     lcornehl@mayerbrown.com
       350 South Grand Avenue, 25th Floor
4     Los Angeles, CA  90071-1503
       Telephone:  (213) 229-9500
5     Facsimile:  (213) 625-0248

6     Attorneys for Defendant
       AT&T MOBILITY LLC

7

8                 **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11 | Case No. _____ |
| 12   DONALD SIPPLE, an individual, on behalf of himself, and on behalf of all persons similarly 13   situated, | Cal. State Court Case No. 37-2009-00103076-CU-BC-CTL |
| 14                Plaintiffs, | **NOTICE TO PLAINTIFF OF FILING OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446** |
| 15       v. | |
| 16   AT&T, INC. and AT&T MOBILITY, LLC and DOES 1 to 10, | **(FEDERAL QUESTION AND DIVERSITY JURISDICTION—CLASS ACTION FAIRNESS ACT)** |
| 17                Defendants. | |

18

19

20

21

22

23

24

25

26

27

28

1        TO PLAINTIFF DONALD SIPPLE AND HIS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1446(d), on January 22, 2010,

3 Defendant AT&T Mobility LLC ("ATTM") filed a Notice of Removal of Action Pursuant to 28

4 U.S.C. §§ 1331, 1332, 1441 and 1446 (Federal Question Jurisdiction and Diversity

5 Jurisdiction—Class Action Fairness Act) in the United States District Court for the Southern

6 District of California.

7

8 Dated:    January 22, 2010             MAYER BROWN LLP

9                                    JOHN NADOLENCO
                                    LISA W. CORNEHL

10

11                                By:   *Lisa W. Cornehl*
                                      Lisa W. Cornehl

12                                Attorneys for Defendant
                                    AT&T MOBILITY LLC

13

14 Of Counsel:

15 Evan M. Tager
   Archis A. Parasharami

16 Elizabeth G. Oyer
   MAYER BROWN LLP

17 1999 K Street, N.W.
   Washington, D.C. 20006-1101

18 Telephone: (202) 263-3000
   Facsimile:  (202) 263-3300

19

20

21

22

23

24

25

26

27

28

1   MAYER BROWN LLP
    JOHN NADOLENCO (SBN 181128)
2   jnadolenco@mayerbrown.com
    LISA W. CORNEHL (SBN 232733)
3   lcornehl@mayerbrown.com
    350 South Grand Avenue, 25th Floor
4   Los Angeles, CA  90071-1503
    Telephone: (213) 229-9500
5   Facsimile:  (213) 625-0248

6   Attorneys for Defendant
    AT&T MOBILITY LLC

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                     **FOR THE COUNTY OF SAN DIEGO**

10

11                                              Case No. 37-2009-00103076-CU-BC-CTL

12  DONALD SIPPLE, an individual, on behalf of    **NOTICE TO SUPERIOR COURT OF**
    himself, and on behalf of all persons similarly  **FILING OF NOTICE OF REMOVAL**
    situated,                                      **OF ACTION PURSUANT TO 28 U.S.C.**
13                                                 **§§ 1331, 1332, 1441 AND 1446**

14                  Plaintiffs,                    **(FEDERAL QUESTION AND**
                                                   **DIVERSITY JURISDICTION—CLASS**
15          v.                                     **ACTION FAIRNESS ACT)**

16  AT&T, INC. and AT&T MOBILITY, LLC and
    DOES 1 to 10,
17
                    Defendants.
18

19

20

21

22

23

24

25

26

27

28

                    NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

2        NOTICE IS HEREBY GIVEN THAT, pursuant to 28 U.S.C. § 1446(d), on January 22,

3    2010, Defendant AT&T Mobility LLC ("ATTM") filed a Notice of Removal of Action Pursuant

4    to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 (Federal Question Jurisdiction and Diversity

5    Jurisdiction—Class Action Fairness Act) in the United States District Court for the Southern

6    District of California, together with a copy of all pleadings and documents obtained from the

7

8    state court file.

9        A true and correct copy of the Notice of Removal (without exhibits) filed with the federal

10   court is attached hereto as Exhibit A and is incorporated herein by reference.

11

12   Dated:    January 22, 2010                MAYER BROWN LLP
                                               JOHN NADOLENCO
13                                             LISA W. CORNEHL

14                                             By: _Lisa W. Cornehl_
15                                                 Lisa W. Cornehl
                                               Attorneys for Defendant
16                                             AT&T MOBILITY LLC

17   Of Counsel:

18   Evan M. Tager
19   Archis A. Parasharami
     Elizabeth G. Oyer
20   MAYER BROWN LLP
     1999 K Street, N.W.
21   Washington, D.C. 20006-1101
     Telephone: (202) 263-3000
22   Facsimile:  (202) 263-3300

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL

**PROOF OF SERVICE**

I, Elena G. Griffin, declare:

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, 25th Floor, Los Angeles, California 90071-1503. On January 22, 2010, I served a copy of the within document(s):

**NOTICE TO SUPERIOR COURT OF FILING OF NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 u.s.c. §§ 1331, 1332, 1441 AND 1446**

☐ by transmitting via facsimile the document(s) listed above to the facsimile address(es) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed UPS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a UPS agent for delivery.

| | |
|---|---|
| Stephen B. Morris, Esq. | Harry Huge, Esq. |
| MORRIS and ASSOCIATES | Theodore Huge, Esq. |
| 444 West C Street, Suite 300 | THE HUGE LAW FIRM LLC |
| San Diego, CA 92101 | 1080 Wisconsin Ave., N.W., Suite 3016 |
| Tel.: (619) 239-1300 | Washington, D.C. 20007 |
| Fax: (619) 234-3672 | Tel.: (202) 965-4672 |

Edward D. Robertson, Jr., Esq.
Mary D. Winter, Esq.
Anthony L. DeWitt, Esq.
BARTIMUS, FRICKLETON, ROBERTSON
    & GORNEY, P.C.
715 Swifts Highway
Jefferson City, MO 65109
Tel.: (573) 659-4454
Fax: (573) 659-4460

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

28804971

1    I declare under penalty of perjury under the laws of the State of California that the above

2    is true and correct.

3    Executed on January 22, 2010, at Los Angeles, California.

4

5                                                          Elena G. Griffin

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

28804971

**JS 44** (Rev. 12/07) (cand rev 1-16-08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

### I. (a) PLAINTIFFS
Donald Sipple

**DEFENDANTS**
AT&T Inc.
AT&T Mobility LLC

**(b)** County of Residence of First Listed Plaintiff San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

2010 JAN 22 PM 3: 07

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephen B. Morris
MORRIS AND ASSOCIATES
444 West C Street, Suite 300
San Diego, CA 92101      Tel. (619) 239-1300

Attorneys (If Known)
John Nadolenco
Lisa W. Cornehl
MAYER BROWN LLP
350 South Grand Avenue, 25th Floor
Los Angeles, CA 90071-1503     Tel. (213) 229-9500

**'10 CV 0184 BTM RBB**

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 28 USC 1331

Brief description of cause: Breach of Contract/Unfair Trade Practices

### VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instruction): JUDGE _____ DOCKET NUMBER _____

DATE 1/22/2010     SIGNATURE OF ATTORNEY OF RECORD    Lisa W. Cornehl

**FOR OFFICE USE ONLY**
RECEIPT # 04969    AMOUNT $350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

209465/11    MB 01-22-10

American LegalNet, Inc.
www.FormsWorkflow.com

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:     U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

American LegalNet, Inc.
www.FormsWorkflow.com

20946514.1

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS009448
Cashier ID: mbain
Transaction Date: 01/22/2010
Payer Name: TIME MACHINE NETWORK
--------------------------------
CIVIL FILING FEE
  For: SIPPLE V AT AND T
  Case/Party: D-CAS-3-10-CV-000184-001
  Amount:        $350.00
--------------------------------
CHECK
   Check/Money Order Num: FF76269
   Amt Tendered: $350.00
--------------------------------
  Total Due:      $350.00
  Total Tendered: $350.00
  Change Amt:     $0.00


  There will be a fee of $45.00
  charged for any returned check.
```