# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SIPPLE, et al., | Case No. 10cv184 BTM (RBB) |
| Plaintiff, | **ORDER STAYING CASE** |
| v. | |
| AT&T, INC., et al., | |
| Defendants. | |

Defendants AT&T, Inc. and AT&T Mobility, LLC have moved to stay this case pending a ruling by the Judicial Panel on Multidistrict Litigation ("JPML") [Doc. 7]. The Motion is unopposed. For the following reasons, the Court **GRANTS** the Motion.

A court has broad discretion to stay cases before it. *Clinton v. Jones*, 520 U.S. 681, 707 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In considering a motion to stay pending proceedings before the JPML, a court should consider "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers*, 980 F.Supp. at 1360.

Here, Plaintiff has not opposed the motion and the Court has no reason to find that Plaintiff would be prejudiced. Furthermore, if the Court declines to stay this case, Defendants will be forced to litigate in multiple forums and duplicate their efforts. Finally, staying this case would promote judicial efficiency because it appears that there are several related cases in other districts based on the same set of facts and claims. Assuming the

JPML eventually consolidates these cases, entering a stay at this juncture minimizes the risk of inconsistent rulings and permits a single district court to resolve issues pertaining to all the related cases.

For these reasons, the Court **GRANTS** the Motion to Stay [Doc. 7] and **STAYS** this case pending a decision from the JPML. If the JPML does not consolidate this case, Defendants must respond to the Complaint within twenty-one days of the issuance of the JPML's decision.

**IT IS SO ORDERED.**

DATED: April 12, 2010

Honorable Barry Ted Moskowitz
United States District Judge